```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
ACQUPART HOLDING AG,                                         :
                                        Petitioner,          :
                                                             :        19 Civ. 3945 (LGS)
            -against-                                        :
                                                             :        **OPINION AND ORDER**
                                                             :
RIVADA NETWORKS, INC.,                                       :
                                        Respondent.          :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/25/2019

LORNA G. SCHOFIELD, District Judge:

Petitioner Acqupart Holding AG ("Acqupart") moves for summary judgment to confirm a September 21, 2018, arbitration award (the "Award"). Respondent Rivada Networks, Inc. ("Rivada") has not appeared in this action and has not opposed the motion, but did appear at the arbitration. For the reasons discussed herein, the motion is granted.

## I.   BACKGROUND

The following uncontested facts are taken from the Award and evidence submitted in support of the motion.

On August 28, 2015, the parties executed a loan agreement (the "Loan Agreement"), pursuant to which Petitioner loaned $3,500,000 to Respondent, with interest to accrue at a rate of 6% per annum. The Loan Agreement provides that any unpaid principal or interest would be due on August 31, 2017. Section 16 of the Loan Agreement provides that "if any controversy or dispute arises under, out of or in relation to any of the provisions hereof which cannot be settled by the parties within 15 days after the same shall arise, such controversy or dispute shall be submitted for arbitration in New York City, New York before a single arbitrator . . . in accordance with the rules of the American Arbitration Association." The Loan Agreement gives

the arbitrator broad discretion to award "any relief which [the arbitrator] shall deem proper in the circumstances."

Respondent made interest payments in January 2016 and February 2017. On September 2, 2017, Respondent informed Petitioner that it would be "unable to meet the repayment obligations in accordance with the agreed terms and conditions of the [Loan Agreement]." Petitioner gave Respondent an extension to September 29, 2017, and then another extension to October 15, 2017.

On November 14, 2017, the Parties entered into an additional agreement (the "Standstill Agreement"), in which Respondent acknowledged that it had defaulted under the Loan Agreement and owed to Petitioner the $3,500,000 principal amount and $140,000 in interest that had accrued through August 31, 2017. Petitioner agreed to forbear from exercising its rights and remedies under the Loan Agreement and Respondent agreed to pay, by November 30, 2017, (1) the $3,500,000 principal amount, (2) the $140,000 in interest that had accrued through August 31, 2017, and (3) interest at a rate of 6% per annum, accruing from September 1, 2017, until the principal was repaid in full. The Standstill Agreement also provided that Respondent would "indemnify and hold harmless [Petitioner] . . . from and against any and all liabilities, losses, damages, claims, and expenses (including reasonable attorney fees) of any kind or nature whatsoever which may at any time be imposed on, incurred by or asserted against [Petitioner] in any way relating to or arising out of or in connection with . . . the enforcement, performance or administration of the Loan Agreement or this Standstill Agreement, or any rights or remedies in connection therewith . . . [and] any actual or prospective claim, litigation, investigation or proceeding relating to any of the foregoing."

Respondent failed to pay the principal amount and interest by November 30, 2017, as required under the Standstill Agreement. On December 11, 2017, Respondent advised that it would repay Petitioner in full by December 21, 2017.

On December 22, 2017, Petitioner commenced arbitration proceedings against Respondent, seeking (1) $3,640,000 in damages, representing the principal amount and the remaining unpaid interest under the Loan Agreement, (2) interest at a rate of 6% per annum, accruing from September 1, 2017, and (3) the costs incurred in enforcing the Loan Agreement and Standstill Agreement, including reasonable attorneys' fees. In June 2018, the parties attended arbitration proceedings in New York, New York. The Arbitrator heard testimony and reviewed documentary exhibits and post-hearing submissions.

On September 21, 2018, the Arbitrator issued the Award, awarding Petitioner $3,809,335.16, consisting of (1) $3,640,000 in damages and (2) $169,335.16 in costs related to the arbitration, including $18,975 in administrative fees, $19,650 for the Arbitrator's fee, $16,590.73 in expenses related to an evidentiary hearing and $114,119.43 in attorneys' fees and disbursements. The Award also awarded interest at a rate of 6% per annum, accruing from September 1, 2017, until the damages were paid in full or the Award was confirmed.

On May 2, 2019, Petitioner commenced this action to confirm the Award pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9 ("FAA"). Respondent has neither appeared nor responded to the Petition. Consequently, the Court granted Petitioners' request that the Petition be deemed an unopposed motion for summary judgment. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) ("[G]enerally a district court should treat an unanswered . . . petition to confirm . . . as an unopposed motion for summary judgment.");

*accord Kane v. Nat'l Farm Wholesale Fruit & Vegetable Corp.*, No. 17 Civ. 9487, 2019 WL 1585101, at *2 (S.D.N.Y. Apr. 12, 2019).

## II. DISCUSSION

### A. Confirmation of Award

Section 9 of the FAA provides that a petition to confirm an arbitration award "may be made to the United States court in and for the district within which such award was made." 9 U.S.C. § 9. Ordinarily, "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair*, 462 F.3d at 110 (internal quotation marks omitted); *accord Jolen, Inc. v. Kundan Rice Mills, Ltd.*, No. 19 Civ. 1296, 2019 WL 1552268, at *1 (S.D.N.Y. Apr. 10, 2019).

"A court's review of an arbitration award is severely limited so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *United Bhd. of Carpenters & Joiners of Am. v. Tappan Zee Constructors, LLC*, 804 F.3d 270, 274–75 (2d Cir. 2015) (alteration omitted); *accord Lawrence v. Raymond James Fin. Servs., Inc.*, No. 18 Civ. 6590, 2019 WL 120727, at *2 (S.D.N.Y. Jan. 4, 2019). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks omitted); *accord Hernandez v. Goldfarb Props., Inc.*, No. 13 Civ. 8640, 2017 WL 1378279, at *1 (S.D.N.Y. Apr. 14, 2017). "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Bhd. of Carpenters & Joiners*, 804 F.3d at 275; *accord SEIU, Local 32BJ v. Dayton Beach Park No. 1 Corp.*, No. 18 Civ. 3887, 2019 WL 120998, at *2 (S.D.N.Y. Jan. 4, 2019); *see*

*also D.H. Blair & Co.*, 462 F.3d at 110 ("Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." (internal quotation marks and citation omitted)).

The Award is confirmed because the basis for the Arbitrator's decision can be inferred from the facts of the case, and the Arbitrator acted within the scope of her authority. *See D.H. Blair & Co.*, 462 F.3d at 110; *United Bhd. of Carpenters & Joiners*, 804 F.3d at 275. Under the Loan Agreement and Standstill Agreement, Respondent was required to pay, by November 30, 2017, (1) the $3,500,000 principal, (2) $140,000 in interest that had accrued through August 31, 2017, and (3) interest at a rate of 6% per annum, accruing from September 1, 2017, until the principal was repaid in full. The Standstill Agreement further provided that Respondent would indemnify Petitioner for all costs related to enforcement of the Standstill Agreement and Loan Agreement, including reasonable attorneys' fees. Arbitration was selected as the means to resolve disputes related to the Loan Agreement and Settlement Agreement, and the Arbitrator was given broad discretion to award "any relief which [the Arbitrator] shall deem proper in the circumstances."

After reviewing testimony, exhibits and post-hearing submissions, the Arbitrator found that Respondent had defaulted on its commitments to repay the principal and outstanding interest under the Loan Agreement and Standstill Agreement, and that Petitioner was therefore entitled to damages in the amount of $3,640,000. Upon review of invoices and receipts submitted by Petitioner, the Arbitrator found that Petitioner was entitled, pursuant to the indemnification provision of the Standstill Agreement, to $169,335.16 in costs related to the arbitration, including $18,975 in administrative fees, $19,650 for the Arbitrator's fee, $16,590.73 in expenses related to an evidentiary hearing and $114,119.43 in attorneys' fees and disbursements.

Finally, the Arbitrator awarded interest on the damages at a rate of 6% per annum -- the same interest rate agreed upon by the parties in the Loan Agreement and Settlement Agreement -- to accrue from September 1, 2017, until the damages were paid in full or the Award was confirmed. Because the basis for the Arbitrator's decision can be inferred from the facts of the case and the Arbitrator acted well within the scope of her authority to award "any relief which [the Arbitrator] shall deem proper in the circumstances," the Award is confirmed.  *See D.H. Blair & Co.*, 462 F.3d at 110; *United Bhd. of Carpenters & Joiners*, 804 F.3d at 275.

## III. CONCLUSION

For the foregoing reasons, the petition for confirmation of the Award is GRANTED. Petitioner is awarded $3,809,335.16 in damages and costs as set forth in the Award, with interest accruing at a rate of 6% per annum from September 1, 2017, to the date of judgment.

The Clerk of Court is respectfully directed to close the case.

Dated: June 25, 2019
 New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**